Dear Sheriff McKeithen:
You have asked for my opinion on substantially the following question:
Is the Sheriff of Bay County required to return firearms that have been confiscated from persons who are sent for evaluation under Florida's Baker Act?
In sum:
In the absence of an arrest and criminal charge against the person sent for evaluation under Florida's Baker Act, the Sheriff of Bay County may not retain firearms confiscated from such persons and retained by that office.
According to your letter, officers from the Bay County Sheriff's Office are frequently dispatched to calls involving an individual who threatens suicide or behaves in a manner that results in the person being sent for evaluation under Florida's Baker Act, Part I, Chapter 394, Florida Statutes. These individuals frequently possess firearms which are taken into custody by the officer who responds to the call. You are concerned that when these individuals are released following mental evaluation and no further official action is taken, these weapons are returned.
Part I, Chapter 394, Florida Statutes, is the Florida Mental Health Act, also known as the Baker Act.[1] The Florida Legislature has expressed its intent with regard to the provisions of the Baker Act as follows:
"It is the intent of the Legislature to authorize and direct the Department of Children and Family Services to evaluate, research, plan, and recommend to the Governor and the Legislature programs designed to reduce the occurrence, severity, duration, and disabling aspects of mental, emotional, and behavioral disorders. It is the intent of the Legislature that treatment programs for such disorders shall include, but not be limited to, comprehensive health, social, educational, and rehabilitative services to persons requiring intensive short-term and continued treatment in order to encourage them to assume responsibility for their treatment and recovery. It is intended that such persons be provided with emergency service and temporary detention for evaluation when required; that they be admitted to treatment facilities on a voluntary basis when extended or continuing care is needed and unavailable in the community; that involuntary placement be provided only when expert evaluation determines that it is necessary; that any involuntary treatment or examination be accomplished in a setting which is clinically appropriate and most likely to facilitate the person's return to the community as soon as possible; and that individual dignity and human rights be guaranteed to all persons who are admitted to mental health facilities or who are being held under s. 394.463. It is the further intent of the Legislature that the least restrictive means of intervention be employed based on the individual needs of each person, within the scope of available services. It is the policy of this state that the use of restraint and seclusion on clients is justified only as an emergency safety measure to be used in response to imminent danger to the client or others. It is, therefore, the intent of the Legislature to achieve an ongoing reduction in the use of restraint and seclusion in programs and facilities serving persons with mental illness."
The act provides for voluntary or involuntary examination and treatment of mentally ill persons. Pursuant to section 394.463(1), Florida Statutes, a person may be taken to a receiving facility[2] for involuntary examination if there is reason to believe that he or she is mentally ill and because of that mental illness has refused voluntary examination or is unable to determine for himself or herself whether examination is necessary. A determination must be made that, without care or treatment, the person is likely to suffer from neglect or refuse to care for himself or herself or that there is substantial likelihood that without care or treatment, serious bodily harm to that person or others may result in the near future as evidenced by recent behavior.[3]
A relevant aspect of Florida's Baker Act is its strong position that those who suffer from mental, emotional, and behavioral disorders should not, on the basis of their mental health, be treated as criminals. The act specifically requires that procedures utilized for criminals or those accused of crime "shall not be used in connection with persons who have a mental illness, except for the protection of the patient or others."[4]
The act provides that a person who is being treated for mental illness shall not be deprived of any constitutional rights.[5] However, if the person is adjudicated incapacitated, his or her rights "may be limited to the same extent the rights of any incapacitated person are limited by law."[6] Thus, section 394.458, Florida Statutes, provides that it is unlawful to "introduce into or upon the grounds of [a hospital providing mental health services under the Baker Act], or to take or attempt to take or send therefrom" any firearms or deadly weapons.[7]
With regard to the return of personal effects of patients in a facility, section 394.459(6), Florida Statutes, provides in part:
"A patient's right to the possession of his or her clothing and personal effects shall be respected. The facility may take temporary custody of such effects when required for medical and safety reasons. . . . All of a patient's clothing and personal effects held by the facility shall be returned to the patient immediately upon the discharge or transfer of the patient from the facility, unless such return would be detrimental to the patient. If personal effects are not returned to the patient, the reason must be documented in the clinical record along with the disposition of the clothing and personal effects, which may be given instead to the patient's guardian, guardian advocate, or representative."
Thus, those patients who are admitted to a facility under the Baker Act may have their personal effects retained if a determination is made that the return would be detrimental to the patient. No similar provision in the Baker Act authorizes a law enforcement agency to retain custody of personal property such as firearms of those discharged after evaluation pursuant to Part I, Chapter 394, Florida Statutes.
This office has issued a number of Attorney General Opinions over the years relating to various aspects of the Baker Act including the duties and responsibilities of law enforcement officers under the provisions of the act.[8] However, a review of Part I, Chapter 394, Florida Statutes, does not reveal any statement providing direction to law enforcement regarding the disposition of weapons and firearms confiscated from persons being treated under the act. The Baker Act does provide that if a person is arrested and charged with a felony and it appears that the person comes within the statutory guidelines for involuntary examination or placement under the Mental Health Act, "such person shall first be processed in the same manner as any other criminal suspect."[9] Thus, to the extent weapons could be confiscated and retained when taken from other felony suspects, firearms confiscated from felons also subject to the Baker Act would be subject to the same treatment. The applicability of this provision depends on the person being arrested and charged with a felony and would not be helpful in the situations you have described which do not involve an arrest.
Several other statutes provide for the disposition of firearms that have been confiscated under various provisions of state law. Section933.14(3), Florida Statutes, provides that:
"No pistol or firearm taken by any officer with a search warrant or without a search warrant upon a view by the officer of a breach of the peace shall be returned except pursuant to an order of a trial court judge."
In addition, section 790.08, Florida Statutes, provides authority for law enforcement officers to take possession of weapons and firearms found upon persons arrested for various crimes. Again, each of these statutes requires the individual to be charged with a criminal offense and, as the Baker Act makes clear, Baker Act proceedings are not criminal proceedings.[10]
In sum, it is my opinion that in the absence of an arrest and criminal charge against the person sent for evaluation under Florida's Baker Act, the Sheriff of Bay County may not retain firearms confiscated from such persons and retained by that office. You may wish to suggest to your local legislative delegation that this issue is problematical for local law enforcement and work with them to craft amendatory legislation to address these matters.
Sincerely,
Bill McCollum
Attorney General
BM/tgh
[1] See s. 394.451, Fla. Stat., providing the short title for the act.
[2] See s. 394.455(32), Fla. Stat., for a definition of a treatment facility.
[3] Section 394.463(1), Fla. Stat.
[4] See s. 394.459(1), Fla. Stat.
[5] Id. And see s. 8, Art. I, Fla. Const., providing the right of the citizens of Florida to keep and bear arms.
[6] Section 394.459(1), Fla. Stat.
[7] Section 394.458(1)(a)3., Fla. Stat. And see s. 394.458(2), Fla. Stat., making violations of this provision a felony of the third degree.
[8] See, e.g., Op. Att'y Gen. Fla. 92-46 (1992) and other Attorney General Opinions construing provisions of the Baker Act available at www.myfloridalegal.com.
[9] Section 394.462(1)(g), Fla. Stat.
[10] And see s. 394.459(1), Fla. Stat., providing the rights of patients under the Baker Act.